IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHN TRCKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 6:21-cv-35 |
| | § | |
| ATZENHOFFER CHEVROLET | § | |
| COMPANY, INC., | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

Plaintiff, JOHN TRCKA, files this Complaint and Jury Demand against Defendant ATZENHOFFER CHEVROLET COMPANY, INC., alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA") and the Texas Commission on Human Rights Act. For causes of action, Plaintiff would show the Court as follows:

### I.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff JOHN TRCKA is a resident of Victoria County, Texas.

2. Defendant ATZENHOFFER CHEVROLET COMPANY, INC. is an entity which can be served with Citation through its Registered Agent, Milton S. Greeson, Jr., 3211 N. Navarro, Victoria, Texas 77901.

3. This Court has jurisdiction to hear the merits of Mr. Trcka's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Mr. Trcka's claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Victoria County, Texas.

5. Plaintiff exhausted his administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Civil Rights Division on August 17, 2019, within 180 days from the date of his termination on June 28, 2019. Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on April 12, 2021, within 90 days of the filing of this lawsuit. No notice of right to sue from the Texas Workforce Commission is needed for Plaintiff's claims under the TCHRA.

## II.

## FACTUAL BACKGROUND

5. Mr. Trcka was hired by the Defendant in December 2005. He held positions in sales and finance until he was promoted in June 2013 to the position of Sales Manager.

6. In or around April 2019, Mr. Trcka was diagnosed with malignant melanoma. He had surgery for the cancer on or around June 21, 2019. He took several days off for the surgery, and returned to work on June 24, 2019. When he returned from the surgery, he told the General Sales Manager that his doctors thought they had gotten all of the cancer out, but that he would not know for sure until he got the test results back. On June 27, 2019, Respondent terminated Mr. Trcka's employment. The reason that the Defendant gave for his termination was that his department was not profitable enough. However, when he filed for unemployment benefits, the Texas Workforce Commission found that he had not engaged in misconduct connected with the work, and Mr. Trcka's department consistently maintained profitability.

## III.
## CAUSES OF ACTION

### COUNT ONE:
### ADA and TCHRA - Discrimination

7. Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff. 42 U.S.C. § 12101 et seq.; Texas Labor Code §21.001 et seq.

8. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 et seq., it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

9. Defendant is an employer under the ADA and the TCHRA.

10. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendants as a person with a disability.

11. Plaintiff was meeting his employer's expectations. Plaintiff was terminated as a direct result of his disability, his record of having a disability, and/or because Defendants regarded Plaintiff as a person with a disability.

12. Defendants violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of his disability by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## IV.

## DAMAGES

13. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.

## COMPENSATORY DAMAGES

14. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

15. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## ATTORNEYS' FEES AND EXPERT FEES

16. A prevailing party may recover reasonable attorneys' and experts' fees under the ADA and the TCHRA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.

## JURY DEMAND

17. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF