IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHN TRCKA | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO.: |
| vs. | § | 6:21-cv-00035 |
| | § | JURY TRIAL |
| | § | |
| ATZENHOFFER CHEVROLET | § | |
| COMPANY, INC. | § | |
|     Defendant. | § | |

## AGREED PROTECTIVE ORDER

Defendant Atzenhoffer Chevrolet Company, Inc. ("Defendant") and Plaintiff John Trcka ("Plaintiff) through their undersigned counsel, agree to the entry of an order pursuant to the Federal Rules of Civil Procedure so that the parties may protect the confidentiality of information and items obtained in the course of discovery in this action. After considering the record concerning the terms of a Protective Order (or "Order"), the following Order is entered:

    1.    **DEFINITIONS.**

        (a)    "Party" or "Parties" means, individually or collectively, Defendants and Plaintiff, his representatives, agents, and other natural persons or business or legal entities acting or purporting to act for or on his behalf.

        (b)    "Non-Party" means any entity or person that is not a Party to this action.

        (c)    "Disclosing Party" means a Party or Non-Party producing or disclosing any Protected Information, as defined below in this action.

        (d)    "Designating Party" means a Party or Non-Party that designates any Protected Information, as defined below as "CONFIDENTIAL" pursuant to this Order.

        (e)    "Receiving Party" means any Party to which Protected Information is produced or disclosed, whether voluntarily or in response to any formal or informal

discovery request, subpoena, deposition notice, or court order by any Disclosing Party in this action.

(f) "Consultant" or "Consultants" means any or all persons retained by a Party in connection with this action, including experts, trial preparation consultants, and jury consultants. Consultants shall be limited to such persons who in the judgment of that Party's Counsel, are reasonably necessary for the development and/or presentation of that Party's case.

(g) With respect to Plaintiff, "Counsel" shall mean all of Plaintiff's counsel of record in this action and all other attorneys employed by the law firm of any such counsel of record. With respect to Defendant, "Counsel" shall mean Defendants' counsel of record in this action and all other attorneys employed by the law firm of any such counsel of record, and in-house counsel of the Defendants.

(h) "CONFIDENTIAL INFORMATION" means any information or item, regardless of the medium or manner in which it is generated, stored, or maintained, that the Designating Party believes in good faith to contain or reflect non-public, confidential, financial, or commercially or legally sensitive information, including but not limited to proprietary business information, trade secrets, information which gives a Party or Non-Party, or any business with which a Party or Non-Party is associated, some competitive advantage, and information not typically disclosed by a Party or Non-Party. In addition, "CONFIDENTIAL INFORMATION" includes other sensitive personally identifiable information (such as Social Security numbers, dates of birth, home addresses, phone numbers, email addresses) or other information for which applicable federal or state law requires confidential treatment.

(i) "Protected Information" means any CONFIDENTIAL INFORMATION

designated by a Party or Non-Party in accordance with this Protective Order.

2. **SCOPE OF ORDER.**

This Protective Order governs the handling of all Protected Information produced or disclosed by a Disclosing Party to a Receiving Party, regardless of the medium or manner in which the information is generated, stored, or maintained (including, among other things, documents, transcripts, interrogatory responses, responses to requests for admissions, production, or disclosure, declarations, exhibits, and briefs, or portions of such materials).

This Protective Order does not cover the following information or items: (a) any information or items that are in the public domain at the time of disclosure or that become part of the public domain after their disclosure as a result of publication not involving a violation of this Protective Order, including information or items that become part of the public record through trial or otherwise; (b) any information or items known to the Receiving Party prior to disclosure by the Disclosing Party that is not otherwise subject to confidentiality obligations owed by the Receiving Party to the Disclosing Party; or (c) any information or items obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Disclosing Party.

3. **USE OF PROTECTED INFORMATION.**

All Protected Information will be used solely for the purposes of this action, including trial and appeal of this action, and any settlement or other negotiations relating to this action, and for no other purpose, absent further order of the Court or the written consent of the Designating Party. Protected Information may not be used by the Receiving Party in any other legal or administrative proceeding or disclosed to any governmental office or official absent further order of the Court or written consent of the Designating Party. Notwithstanding any other provision of this Order, nothing in this Protective Order is intended to preclude the use of Protected Information in the

course of litigating and trying this case as permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence or further order of this Court.

    4.    **DESIGNATION OF PROTECTED INFORMATION.**

Provided that the information falls within the Scope of Order set forth in Paragraph 2 above, any Party or Non-Party may designate any non-public information or items as Protected Information in the following manner:

    (a)    Documents. Documents will be designated as Protected Information by stamping them as "CONFIDENTIAL."

    (b)    Transcripts. Information disclosed or documents referred to at the deposition of any witnesses, including a Party or Non-Party or one of its present or former officers, directors, employees, agents, or independent experts, may be designated by any Party or Non-Party as "CONFIDENTIAL" by indicating to the other Party which pages, page, or portions of a page of a deposition transcript contain such information. The Party or Non-Party wishing to designate such material as "CONFIDENTIAL" must do so within twenty (20) days after receipt of the final (not draft) transcript. Until such time as that designation is made or the twenty (20) days expires, the whole transcript (including any drafts) and all documents and exhibits referred to therein, and/or attached thereto, shall be deemed designated "CONFIDENTIAL." Any deposition transcript text containing testimony regarding a document designated CONFIDENTIAL is also treated as Protected Information, regardless of whether the corresponding text is specifically designated as such.

    (c)    Things. Things will be designated as Protected Information by affixing a label to the exterior of the thing bearing the legend "CONFIDENTIAL." The legend will be placed directly above, below, or next to the Disclosing Party's production numbers to the extent possible.

(d) If any Disclosing Party produces documents by making original documents available for inspection and copying, then at the time of inspection all such documents shall be deemed "CONFIDENTIAL" within the meaning of this Order. The inspecting Party shall then designate the original documents for copying, and the Disclosing Party shall designate on the copies those documents which the Disclosing Party deems to be "CONFIDENTIAL" within the meaning of this Order. Any copies not so designated by the Disclosing Party shall not be deemed "CONFIDENTIAL" within the meaning of this Order, unless later designated as such by the Designating Party.

5. **DISCLOSURE OF CONFIDENTIAL INFORMATION.**

Protected Information will not be made available, nor will the contents of such information be disclosed, summarized, described, or otherwise communicated, to persons other than the following persons defined as "Qualified Persons":

(a) The Receiving Party and Receiving Party's Counsel for this action including their regularly employed support personnel (such as paralegals, secretaries, and administrative staff).

(b) Personnel at document duplication, electronic discovery, graphics, and other vendors and their regularly employed support personnel acting under the supervision and control of the Receiving Party's Counsel for this action, if such personnel have signed the "Agreement to be Bound by Protective Order" attached as Exhibit "A".

(c) Consultants, and their regularly employed support personnel to whom disclosure is reasonably necessary, if such Consultants and support personnel have signed the "Agreement to be Bound by Protective Order" attached as Exhibit "A".

(d) The Court, Court personnel, potential jurors, jurors, and alternate jurors in their capacity as such in this action; and court reporters, stenographers, and videographers

transcribing or recording testimony at depositions, hearings, or trial in this action.

(e) Any mediator agreed upon by the Parties in this action, if such mediator has signed the "Agreement to be Bound by Protective Order" attached as Exhibit "A".

6. **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER.**

(a) Prior to the disclosure of any Protected Information to any person authorized to inspect such information under Paragraphs 5(c), 5(d), and/or 5(f) such person shall execute the "Agreement to Be Bound by Protective Order" in the form attached hereto as Exhibit "A".

(b) Copies of the Agreement to Be Bound by Protective Order signed by any person authorized to inspect such information under Paragraphs 5(c), 5(d), and/or 5(f) will be provided to and retained by Counsel for the Party providing the Protected Information to such person during the course of this action and until final disposition of this case, as defined in Paragraph 15(a).

7. **NON-PARTY PROTECTED INFORMATION.**

(a) The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as CONFIDENTIAL INFORMATION by the producing Non-Party or any Party. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

(b) Nothing in this Protective Order prohibits a Non-Party from seeking additional protections or reducing protections herein for its CONFIDENTIAL INFORMATION.

(c) Any Party issuing a subpoena to a Non-Party for Protected Information will enclose a copy of this Protective Order.

8. **LIMITED DISCLOSURE TO WITNESSES.**

Notwithstanding the above, Protected Information may be made available or disclosed to witnesses in this action testifying at any deposition, hearing, or trial if (a) in the case of a document, it appears that the witness has previously seen or received the Protected Information contained in the document, either because the document identifies the witness as an author, recipient, or as a party copied on, or because the document comes from the files of the witness; (b) Counsel disclosing such Protected Information has a reasonable, good faith belief that the witness has had previous access to the Protected Information; (c) the Designating Party agrees in writing that the witness may have access to the Protected Information for purposes of his or her testimony; or (d) the witness is employed by the Designating Party and the Designating Party agrees that the employee is allowed access to the level of Protected Information that will be made available or disclosed to the witness.

If none of the above apply and Counsel seeking to disclose Protected Information has a reasonable, good faith belief that questioning a witness concerning the Protected Information is proper and reasonably calculated to lead to the discovery of admissible testimony from the witness, questioning Counsel must provide ten (10) days' notice to the Designating Party of the intent to use the Protected Information with a particular witness. If the scheduling of the deposition or hearing does not permit for ten (10) days' notice, the Party shall provide as much notice as is reasonably practicable under the circumstances. The Party seeking to disclose Protected Information and the Designating Party will work in good faith to resolve the issue before the Protected Information is used with a witness. If these parties are unable to resolve the issue, the Party seeking to disclose the Protected Information must seek a ruling from the Court allowing the use or disclosure of such Protected Information before the Protected Information is used or disclosed.

9. **FILING PROTECTED INFORMATION AND USING PROTECTED INFORMATION IN COURT.**

(a) If a Party wishes to file with the Court documents or things (including motions, briefs, or pleadings) containing or referring to Protected Information, this Order serves as a temporary sealing order, sealing such Protected Information without necessity for a separate motion or order. Any document or thing that contains or refers to Protected Information must be filed under seal. In addition to filing such documents or things under seal, the filing Party must immediately give written notice of the filing of Protected Information to the Designating Party who designated the information as CONFIDENTIAL INFORMATION if the Designating Party is not included on the Court's notice of electronic filing. Protected Information filed under seal pursuant to this Order shall remain temporarily sealed until final disposition of this case, as defined in Paragraph 15(a). If the Designating Party wishes to seek sealing for a longer duration, the Designating Party must file a motion and notice within thirty (30) days after final disposition of this case, as defined in Paragraph 15(a), and the Court will subsequently hold a hearing on all such motions in accordance with Federal Rules of Civil Procedure.

(b) Protected Information may be offered into evidence at trial or at any hearing in open court, but prior to offering any such evidence, the offering Party must show a copy of the evidence to the Designating Party and give the Designating Party the opportunity to ask the Court for an order that the evidence be received under seal, *in camera*, or under other conditions that prevent unnecessary disclosure of the Protected Information.

10. **PROCEDURE FOR CHALLENGING DESIGNATIONS.**

(a) Timing of Challenges. Any Party may challenge a confidentiality designation at any time (the "Challenging Party"). Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid substantial unfairness,

unnecessary and foreseeable economic burdens, or a significant disruption or delay of the action, a Party does not waive its right to challenge a confidentiality designation by electing not to challenge the designation promptly after the original designation.

(b) Meet and Confer. The Challenging Party will initiate the dispute resolution process by providing written notice of each designation of Protected Information it is challenging and describing the basis for each challenge. The Parties will attempt to resolve each challenge in good faith and must begin the process by conferring within fourteen (14) days of the date of service of the notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Information, to reconsider the designation and, if no change in the designation is made, to explain the basis for the designation.

(c) Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention within twenty-one (21) days of the initial notice, the Challenging Party may serve a motion to de-designate the Protected Information as CONFIDENTIAL. The burden of persuasion in any such proceeding will be on the Designating Party. Until the motion is resolved, all parties will continue to afford the information or item in question the level of protection to which the information or item is entitled under the Designating Party's designation.

11. **PARTY INFORMATION.**

Nothing in this Protective Order will limit any Designating Party's use of its own Protected Information, nor will anything in this Protective Order prevent any Designating Party from disclosing its own Protected Information to any person.

12. **DISCLOSURES BEYOND PROTECTIVE ORDER.**

Nothing in this Protective Order will prevent disclosure beyond the terms of this Protective Order: (a) if the Designating Party consents to such disclosure; (b) if the Court, after notice to all affected persons, allows such disclosure; or (c) if the Party to whom Protected Information has been produced becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed Party: (i) gives prompt written notice to Counsel for the Designating Party before such disclosure; and (ii) permits Counsel for that Party at least fourteen (14) days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena or entry of an appropriate protective order in the action in which the subpoena was issued. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written consent. The Designating Party will bear the burden and expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13. **INADVERTENT DISCLOSURE OF PROTECTED INFORMATION.**

The inadvertent failure to designate Protected Information does not, standing alone, waive a Party's right to secure protection under this Protective Order for such material. Upon correction of a confidentiality designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order to the extent practicable. The Receiving Party will use its best efforts to obtain all disclosed copies of such information and advise the Designating Party of the identity of any persons to whom such information is disclosed who would not be entitled to receive such information under this Order.

The Designating Party may advise such persons of the terms of this Protective Order and request that such persons sign the Agreement to Be Bound by Protective Order attached as Exhibit "A".

14. **DURATION OF PROTECTIVE ORDER.**

    (a) The obligations imposed by this Protective Order will remain in effect after the final disposition of this action until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

    (b) In the event that any Qualified Person ceases to be affiliated with the Receiving Party, the provisions of this Protective Order will remain in full force and effect as to such person, except that such person will immediately cease to have access to Protected Information and will immediately return all Protected Information to the Disclosing Party.

15. **RETURN OR DESTRUCTION OF PROTECTED INFORMATION.**

Upon final disposition of this action, as defined in Paragraph 15(a), each Party subject to the terms of this Protective Order will return to each Disclosing Party all originals and reproductions of any Protected Information within sixty (60) days. In lieu of returning Protected Information, a Party may destroy all such material within sixty (60) days, provided the Party electing to undertake such destruction certifies to the Disclosing Party and Designating Party (if different from the Disclosing Party) in writing that it has destroyed all such material. All Qualified Persons who have been privy to such Protected Information shall, even after resolution of the litigation, be under a continuing duty not to reveal such information.

16. **MODIFICATION OF AGREEMENT AND NO WAIVER.**

Any Party may seek to modify, expand, cancel, or supersede this Protective Order by written stipulation of the Parties or by motion on notice. Nothing herein and no designation of any document as "CONFIDENTIAL" (or lack of such designation) shall:

(a) Operate as an admission by any Party that any particular discovery material contains or reflects trade secrets, nonpublic, proprietary, or commercial information or other confidential matters;

(b) Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery;

(c) Prejudice in any way the rights of a Party to seek a Court determination of (i) whether particular discovery material shall be produced; or (ii) if produced, whether such material should be the subject of this Order;

(d) Prejudice in any way the rights of a Party to apply to the Court for a further Order relating to any Protected Information; or

(e) Prejudice in any way the right of any Party to object to the admissibility of any information or items on any appropriate ground, and nothing herein will be construed as a waiver of such right.

17. **ADDITIONAL PARTIES.**

In the event additional persons or entities become Parties to this action, such new Parties shall not have access to CONFIDENTIAL INFORMATION produced by or obtained from any other Party or Non-Party until the newly joined Party has signed the "Agreement to be Bound by Protective Order" attached as Exhibit "A".

18. **COUNSEL.**

All Counsel in this action and all members and employees of their respective law firms will

take all steps reasonably necessary to comply with this Order.

**IT IS SO ORDERED.**  October 18, 2021.

_____
HONORABLE JUDGE PRESIDING

AGREED:

*/s/ Kell A. Simon*
Kell A. Simon
kell@kellsimonlaw.com
Texas Bar No. 24060888
The Law Offices of Kell A. Simon
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662

COUNSEL FOR PLAINTIFF


*/s/ Casey T. Cullen*
Casey T. Cullen
ccullen@cullenlawfirm.com
Southern District of Texas Bar No. 1130427
Cullen, Carsner, Seerden & Cullen, L.L.P.
119 South Main Street (77901)
Post Office Box 2938
Victoria, Texas 77902
(361) 573-6318

COUNSEL FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHN TRCKA | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO.: |
| vs. | § | 6:21-cv-00035 |
| | § | JURY TRIAL |
| | § | |
| ATZENHOFFER CHEVROLET | § | |
| COMPANY, INC. | § | |
|     Defendant. | § | |

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare:

1. My current business address (or home address if no business address exists) is _____.

2. I have received a copy of the Protective Order (the "Order") in this action. I have carefully read and understand the provisions of the Order.

3. I agree to be bound by the provisions of the Order.

4. I will hold in confidence and not disclose any Protected Information to anyone.

5. I will use Protected Information only for the purposes of above-styled lawsuit.

6. In the event I am not certain whether disclosure in a particular instance is permissible under the Order, I will request guidance from the counsel for the party providing me with the Protected Information and will disclose such Protected Information only if advised by counsel that such disclosure is permissible.

7. I will return all Protected Information to counsel for the party providing me with the Protected Information in accordance with the provisions of the Order.

8. I consent to the jurisdiction of this Court for the purposes of enforcement of this Order.

9. I declare under penalty of perjury that the above is true and correct.


Dated: _____          By: _____