United States District Court
Southern District of Texas
**ENTERED**
March 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHN TRCKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-CV-00035 |
| | § | |
| ATZENHOFFER CHEVROLET | § | |
| COMPANY, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Trcka was the manager of the used cars department for the Defendant, Atzenhoffer Chevrolet Company, Inc. ("Atzenhoffer"). On June 21, 2019, he had a medical procedure related to his cancer treatment. A week later, he was fired. Trcka alleges that he was fired because of his disability in violation of the Americans with Disabilities Act (the "ADA") and the corresponding state statute, the Texas Commission of Human Rights Act (the "TCHRA"). Atzenhoffer denies these claims and asserts that Trcka was discharged for performance related issues.

Pending before the Court are Atzenhoffer's Motion for Summary Judgment, (Dkt. No. 16), and Atzenhoffer's Objections to Plaintiff Trcka's Summary Judgment Evidence, (Dkt. No. 22). For the following reasons, the Court **GRANTS** Atzenhoffer's Motion for Summary Judgement and **OVERRULES** Atzenhoffer's Objections to Plaintiff Trcka's Summary Judgment Evidence.

## I. BACKGROUND[1]

John Trcka was hired in December 2005 to work at Atzenhoffer, a car dealership. (Dkt. No. 1 at 2); (Dkt. No. 19 at 1). Over the course of his tenure at Atzenhoffer, Trcka held various sales and finance positions until he was ultimately promoted to sales manager over the used cars department in June 2013.[2] (Dkt. No. 1 at 2); (Dkt. No. 19 at 1). Sometime around April 2019, Trcka was diagnosed with skin cancer. (Dkt. No. 1 at 2). On June 21, 2019, Trcka underwent a medical procedure related to his cancer treatment. (Dkt. No. 16 at 4). At that time, Trcka had only informed Troy York, Atzenhoffer's general sales manager, of his scheduled medical procedure, and York did not share that information with anyone else. (Dkt. No. 16 at 5); (*See* Dkt. No. 19 at 5). After the procedure, Trcka returned to work on June 24, 2019. (Dkt. No. 16 at 4). Atzenhoffer fired Trcka on June 28, 2019. (Dkt. No. 16 at 4); (Dkt. No. 19 at 5).

## II. LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d

---

[1] Except where noted, this Section contains only undisputed facts that have been construed in favor of Trcka, the nonmovant. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 1774, 167 L.Ed.2d 686 (2007).

[2] The Parties provide two different dates for Trcka's promotion. Trcka provides June 2013, (Dkt. No. 1 at 2), and Atzenhoffer provides June 2014, (Dkt. No. 16 at 2). The timing of this promotion does not impact the resolution of this Motion.

605, 611 (5th Cir. 2018) (internal quotation marks and citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2253, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). The nonmovant's burden "will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). But the district court must view the evidence in the light most favorable

to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

### III.   DISCUSSION

#### A.   EVIDENTIARY DISPUTES

As a preliminary matter, Atzenhoffer objects to certain evidence offered by Trcka. (Dkt. No. 22). Of these objections, only the first is relevant to this Motion. Atzenhoffer objects to the use of a report, entitled the Dominion Snapshot, (Dkt. No. 19-5 at 1), as not being a credible source of Atzenhoffer's performance or profitability. (Dkt. No. 22 at 1). The Court overrules Atzenhoffer's objection to the entire report because it is overbroad. The report provides context and data relevant to Atzenhoffer's basis for firing Trcka.

The Court finds it unnecessary to resolve the remainder of Atzenhoffer's objections to the summary judgment evidence and will only consider admissible evidence in addressing the merits of the Motion.³ Accordingly, the Court overrules Atzenhoffer's remaining objections. *See Villa v. Tex. Parks & Wildlife Dep't*, No. 2:19-CV-00256, 2021 WL 1179271, at *10 (S.D. Tex. Mar. 27, 2021); *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F.Supp.3d 350, 359 (W.D. Tex. 2020) (denying motions to strike as "unnecessary at this juncture").

---

³   Atzenhoffer's remaining objections are to portions of Trcka's Declaration, (Dkt. No. 19-10 at 2), and to portions of Trcka's Response in Opposition to Defendant's Motion for Summary Judgment, (Dkt. No. 19 at 7–9), that deal with Atzenhoffer's "attorney's handling of discovery in the litigation[.]" (*See* Dkt. No. 22 at 1–2).

B.     ADA CLAIM[4]

The ADA prohibits discrimination against a qualified individual based on the individual's disability. 42 U.S.C. § 12112(a); *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). "An employee may use 'direct or circumstantial evidence, or both' to establish a case of discrimination." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 525 (5th Cir. 2022) (quoting *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019)). Here, Trcka offers only circumstantial evidence in support of his discrimination claim.[5]

Courts proceed under the *McDonnell Douglas* burden-shifting paradigm in circumstantial evidence cases. *Villa*, 2021 WL 1179271, at *13 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). This framework first requires a plaintiff to establish a prima facie case of discrimination. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007). If the plaintiff is successful, the burden shifts to the employer to articulate a "legitimate, non-discriminatory reason for the employment

---

[4] The Fifth Circuit has held that TCHRA claims are analogous to ADA claims, and generally would be treated similarly. *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 n.4 (5th Cir. 1999) (per curiam); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 n.13 (5th Cir. 2004). For the purposes of analyzing Trcka's claim, the Court will address the TCHRA claims along with their parallel provisions under the ADA.

[5] After his termination, Trcka filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Civil Rights Division of the Texas Workforce Commission. (Dkt. No. 1 at 2). Originally, Trcka argued that he may have been terminated because Atzenhoffer had a "re-insurance" or "self-insurance" plan. (Dkt. No. 16 at 5); (Dkt. No. 19 at 16). Trcka believed that under this plan, the more claims he filed would increase Atzenhoffer's insurance premiums. (Dkt. No. 16 at 5); (Dkt. No. 19 at 16). Later Trcka discovered that Atzenhoffer does not have a "re-insurance" plan, but he alleged that he was terminated due to his cancer diagnosis. (Dkt. No. 16 at 5); (Dkt. No. 19 at 16). The Parties dispute the materiality of this point extensively. (Dkt. No. 16 at 5); (Dkt. No. 19 at 16); (Dkt No. 20 at 1–4); (Dkt. No. 30 at 1–4). This Court finds that Trcka's mistaken belief about Atzenhoffer's re-insurance plan is not material. Although that constituted the original basis for his discrimination claim, Trcka has since provided other evidence in support of his ADA claim.

decision." *Id.* (citation omitted). If the employer articulates such a reason, the plaintiff may overcome summary judgment only by demonstrating that the employer's purported explanation is a "pretext" for, in this case, disability discrimination. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 456 (5th Cir. 2019).

### 1. Prima Facie Case

The Parties disagree over whether Trcka has established a prima facie case of disability discrimination. "To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *LHC Grp., Inc.*, 773 F.3d at 697 (alternations in original) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).

Atzenhoffer argues that Trcka has failed to present a "prima facie case for discrimination because he cannot establish that he suffers from a disability under the ADA." (Dkt. No. 16 at 9). Atzenhoffer asserts that Trcka's alleged disability is "three (3) spots of skin tissue containing non-aggressive malignant melanoma removed from his back on one (1) occasion[,]" and that Trcka "was cleared of the cancerous skin tissue and never diagnosed or treated for non-aggressive malignant melanoma after that one (1) occasion." (*Id.* at 1). Atzenhoffer contends that, under the ADA, Trcka must show that he suffers from "an impairment that has actually and substantially limited [his] major life activit[ies,]" which Trcka has failed to do. (*Id.* at 9–11). Further, Atzenhoffer points out that the individuals making the decisions regarding Trcka's employment did not know

6

of his alleged disability, and as a result, Trcka's discharge could not have been on account of his disability. (*Id.* at 14–15).

Trcka argues in response that his cancer constitutes an actual disability because "the growth of cancer cells inhibits normal cell growth, which is considered a major bodily function under the ADA." (Dkt. No. 19 at 3). Trcka also argues that he was "regarded as" disabled by Atzenhoffer because Atzenhoffer's general sales manager, Troy York, was aware of his cancer diagnosis. (*Id.* at 4). Trcka asserts that he was "significantly out-performing" Jeremy Arnold, the manager of the new cars department, who was not disabled and later promoted despite his department's low performance. (*Id.* at 6, 9–10). And Trcka contends that the close temporal proximity between the disclosure of his cancer to the general sales manager and his firing is "sufficient . . . to establish a prima facie case" of discrimination. (Id. at 10).

          a.      <u>Trcka's Disability</u>

The first quesion is whether Trcka has a disability as defined by the ADA. Under the ADA, a person is disabled if he has "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). The ADA defines a major life activity in two ways. First, major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). Second, a major life activity includes "the operation of a major bodily function[.]" *Id.* § 12102(2)(B). Such functions include, but are not limited to, "the immune system, normal cell growth, digestive, bowel,

7

bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." *Id.*; *see also Ball v. LeBlanc*, 792 F.3d 584, 597–98 (5th Cir. 2015). Relevant here, cancer is considered to be an impairment that substantially limits the major life activity of normal cell growth. 29 C.F.R. § 1630.2(j)(3)(iii); *see also Norton v. Assisted Living Concepts, Inc.*, 786 F.Supp.2d 1173, 1185 (E.D. Tex. 2011) (finding that cancer "is capable of qualifying as a disability under the ADA" even if, when active, the cancer constitutes a limitation only on the major life activity of normal cell growth). Accordingly, Trcka has provided sufficient summary judgment evidence establishing that he has a disability under the ADA.[6]

b. <u>Trcka's Qualifications</u>

The next question to answer is whether Trcka was qualified for the position in question. Neither Party disputes that Trcka is qualified for the manager of the used cars department—the position at issue in this case.

c. <u>Connection Between Trcka's Discharge and his Disability</u>

The last question to answer is whether Trcka was fired on account of his disability. To establish a prima facie case of disability discrimination, Trcka must demonstrate a causal connection between his disability and his discharge. *Zenor*, 176 F.3d at 853–54; *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam). A plaintiff "may satisfy the causal connection element by showing '[c]lose timing between an employee's

---

[6] The Parties dispute the severity of Trcka's cancer diagnosis. (Dkt. No. 16 at 11); (Dkt. No. 19 at 2–3). The Court finds this disagreement to be immaterial, because "cancer at any stage substantially limits the major life activity of normal cell growth." *Norton v. Assisted Living Concepts, Inc.*, 786 F.Supp.2d 1173, 1186 n.6 (E.D. Tex. 2011) (internal quotation marks omitted).

protected activity and an adverse action against him.'" *Feist v. La., Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (quoting *McCoy*, 492 F.3d at 562). "Such temporal proximity must generally be 'very close.'" *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (per curiam)); *see also id.* (explaining that a five-month lapse is not close enough but up to four months may be sufficient).

Here, the timing of Trcka's discharge is sufficient for purposes of establishing a prima facie case. Trcka was fired within one week of notifying a manager at Atzenhoffer of his cancer diagnosis and treatment.

Having met all three elements, Trcka has established a prima facie case of disability discrimination.

### 2. Legitimate, Non-discriminatory Basis of Discharge

The burden now shifts to Atzenhoffer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Aldrup v. Caldera,* 274 F.3d 282, 286 (5th Cir. 2001). The Court finds that Atzenhoffer has met its burden.

Atzenhoffer argues that it discharged Trcka because the used cars department was performing poorly under his management while similar departments at comparable dealerships in Texas were thriving. (Dkt. No. 16 at 2–3, 13–14). Atzenhoffer asserts that Trcka was aware of his department's poor performance and the expectation to "turn things around." (*Id.* at 13).

This is sufficient to satisfy Atzenhoffer's burden. *See Hudgens v. Univ. of Tex. MD Anderson Cancer Ctr.*, 615 S.W.3d 634, 643 (Tex. App.—Houston [14th Dist.] 2020, no pet.)

(finding that a hospital satisfied its burden under the TCHRA by producing evidence that an employee was terminated for "unacceptable work performance"); *Valichkofsky v. L.T. Floors, L.P.*, No. A-06-CA-960-SS, 2007 WL 9710275, at *3 (W.D. Tex. Dec. 17, 2007) (finding that "not performing the duties" of the position is a legitimate business reason for adverse employment action under the ADA), *aff'd sub nom. Valichkofsky v. LT Floors LP*, 293 F. App'x 297 (5th Cir. 2008) (per curiam).

Accordingly, the Court finds that Atzenhoffer has articulated a legitimate, non-discriminatory reason for Trcka's discharge.

### 3. Evidence of Pretext

Because Atzenhoffer has articulated a legitimate, non-discriminatory reason for discharging Trcka, the burden now shifts back to Trcka to present sufficient evidence for a reasonable jury to conclude that Atzenhoffer's reasons were a pretext for disability discrimination. *See McMichael*, 934 F.3d at 456.

"[A]n employee must present 'substantial evidence' that the employer's legitimate, nondiscriminatory reason for termination is pretextual." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016) (quoting *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015)). "In pretext cases, it is not enough that the [employer] was wrong about the underlying facts that motivated the adverse employment action. The only question is whether the employer had a good-faith belief that the facts that motivated the adverse action were true." *Lucas v. T-Mobile USA, Inc.*, 217 F.Supp.3d 951, 957 (S.D. Tex. 2016) (citing *Jackson v. Cal–W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010)). "Pretext is established either through evidence of disparate

treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Delaval*, 824 F.3d at 480 (cleaned up). "An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). "The issue at the pretext stage is not whether the [employer's] reason was actually correct or fair, but whether the decisionmakers honestly believed the reason." *Harville v. City of Hous., Miss.*, 945 F.3d 870, 877 (5th Cir. 2019) (citation omitted). "Merely disputing [the employer's] assessment of [an employee's] performance will not create an issue of fact." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002) (citation omitted).

Trcka argues that Atzenhoffer's reason for discharging him is pretextual. (Dkt. No. 19 at 11–12). Trcka points to the performance of the manager of the new cars department, Jeremy Arnold, to show that an employee whose department was performing worse than his was not terminated, and that "by itself is sufficient to establish a fact issue as to pretext." (*Id.* at 6, 9–10). Accordingly, Trcka contends that "a reasonable jury could find that 'sales performance' was not the true reason for terminating" him. (*Id.* at 12). Trcka further argues that any claims that he was not responsive to suggestions by management are false, because he "regularly provided ideas and insights" to management "as to how to progress the department[.]" (*Id.* at 12–13). However, Atzenhoffer has demonstrated that the dealership does not compare the performance of its used cars department internally against the performance of its new cars department. (Dkt. No. 20 at 4). According to Atzenhoffer, that would be comparing apples to oranges. Rather, Atzenhoffer measures performance by comparing Atzenhoffer's used cars

11

department to the used cars department of similar dealerships in Texas and nationwide. (*Id.* at 4–5). Further, Atzenhoffer asserts that comparisons "to the same departments of other dealerships" is common practice in the industry. (*Id.* at 5). Atzenhoffer further argues that Trcka has not offered any evidence to controvert the fact that the used cars department was "grossly underperforming in comparison to similar car departments," which was the reason for his discharge. (*Id.* at 10).

Trcka responds that Atzenhoffer's performance benchmark is a new explanation raised for the first time after discovery because Atzenhoffer had previously informed the EEOC that the basis for its concerns about Trcka's performance was an internal comparison finding that his department "decline[d] in profitability[.]" (Dkt. No. 30 at 5). Trcka's assertion that Atzenhoffer determined the used cars department was unprofitable by comparing it internally to the new cars department is not supported by the Termination of Employment submitted to the EEOC. (Dkt. No. 16-8). Trcka further asserts that a report entitled the Dominion Snapshot, (Dkt. No. 19-5), shows that the used cars department was outperforming a majority of used cars departments in the area. (Dkt. No. 19 at 13–14). But Atzenhoffer contends that this snapshot is not used to assess performance. (Dkt. No. 20 at 6–7). Atzenhoffer states that the snapshot shows the total count of vehicles sold by the used cars department (*Id.*). It does not demonstrate overall *profitability*, including the amount the dealership had to pay for the vehicle, the cost to prepare the vehicle to be sold, the cost of marketing the vehicle, and so on. (*Id.*). Further, Atzenhoffer disputes the accuracy of these figures because it did not provide this information to the creator of this snapshot. (*Id.*).

12

Trcka has failed to demonstrate that Atzenhoffer's basis for discharge was pretextual. Trcka exclusively disputes Atzenhoffer's assessment of his performance. Importantly, courts in the Fifth Circuit do not second guess the performance determinations of employers absent evidence of discriminatory animus. *Williams v. N. Tex. Tollway Auth.*, No. 3:08-CV-01840, 2010 WL 2403740, at *7 (N.D. Tex. Apr. 27, 2010) (citing *Amezquita v. Beneficial Tex. Inc.*, 264 F. App'x 379, 386 (5th Cir. 2008) (per curiam)). The Court is in no position to second guess the performance determination of Atzenhoffer. Atzenhoffer has presented ample evidence demonstrating that performance is measured by comparing its used cars department to the used cars department of similar dealerships in Texas and nationwide, a common industry standard. (Dkt. No. 20 at 4–5). The summary judgment record shows that Atzenhoffer's used cars department was performing poorly in comparison, and that was a sufficient basis for discharging Trcka.

The Court holds that although Trcka has established a prima facie case for discrimination, he has not carried his further burden of establishing that Atzenhoffer's legitimate, non-discriminatory reason was a pretext for disability discrimination.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS** Atzenhoffer's Motion for Summary Judgement, (Dkt. No. 16), and **OVERRULES** Atzenhoffer's Objections to Plaintiff Trcka's Summary Judgment Evidence, (Dkt. No. 22).

It is SO ORDERED.

Signed on March 27, 2023.

                                                         _____
                                                             **DREW B. TIPTON**
                                          **UNITED STATES DISTRICT JUDGE**